UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEORGE SPITTAL,

           Plaintiff,        CIV. S-04-1198 GEB PAN PS

     v.

JAY SCHENIRER, ROY GRIMES,      FINDINGS AND RECOMMENDATIONS
KAREN YOUNG, MANNY HERNANDEZ,
RICK JENNINGS, DAWN McCOY,
PAT FONG KUSHIDA, PATRICIA KOLB,
MIKE YOUNG, THEODORE RICHARDSON
and MICHAEL POTT, as individuals,

           Defendants.

—o○o—

    In June 2000 plaintiff George Spittal sued the SCUSD and three of its employees.  The short of it was that plaintiff taught at Bret Harte Elementary School as a substitute teacher, thought the school's student discipline procedures were racist, complained, was fired and sued.  In a thoughtful and patient memorandum and order filed September 27, 2002, Judge Shubb

explained that Spittal's speech wasn't protected because he embroiled students in his disputes and disrupted the school's fundamental public mission.  Judge Shubb explained that Spittal had no federal due process right to provide students with a non-discriminatory environment, had no standing to act as private attorney general to oppose perceived discrimination and had no federally protected right to suspend white students for truancy-Spittal's solution to the problem he alone perceived. The court of appeals duly affirmed Judge Shubb's decision.

Somehow Spittal regained SCUSD work, was immediately back at his old ways and back in court claiming damages for violation of <u>his</u> federal civil rights.  Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).  The legal standard for considering such a motion is well known.

Either Spittal did not read Judge Shubb's September 2002 decision, didn't understand it or, more likely, proceeds in contempt of it.  In this case Spittal complains that he was removed by a non-white administrator for complaining when Spittal's attempt to exclude non-white children from his classroom to redress perceived discrimination was rejected.  His claims are based upon exactly those due process "rights" that Judge Shubb previously so carefully explained Spittal does not have.  Spittal adds insult to injury by claiming he was removed pursuant to a SCUSD policy to sponsor discrimination evidenced by the SCUSD's successful legal defense of his prior constitutional

claims.  There are a lot of unanswered questions including why the SCUSD took Spittal back to educate children, why he sought to return to a workplace he so disapproves of, and why, if he is sincere, he did not pursue some different, more credible, tack that divorced his ostensible cause on behalf of others from his own daily bread and his pupils' right not to be embroiled in legal disputes he apparently cannot resist.  But his new complaint raises no legitimate questions about deprivation of Spittal's federal civil rights and it should be dismissed and judgment entered in favor of defendants for their costs of suit and attorney fees.

These findings and recommendations are submitted to the Honorable Garland E. Burrell, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 26, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge