IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SPITTAL,

        Plaintiff,        CIV S-04-1198-GEB-PAN-PS

    v.

JAY SCHENIRER, et al.,        ORDER

        Defendants.

_____/

        This matter was referred to United States Magistrate Judge Peter A. Nowinski pursuant to 28 U.S.C. § 636 and Local Rule 72-302.  On May 9, 2005, Magistrate Judge Nowinski filed findings and recommendations wherein he recommends that Plaintiff's action be dismissed and judgment be entered in favor of Defendants for their costs of suit and attorney fees. Magistrate Judge Nowinski's findings and recommendations are not adopted.

1      On May 11 and May 23, 2005, Plaintiff filed motions
2 which do not show his entitlement to relief; therefore, these
3 motions are denied.
4      Defendants move to dismiss Plaintiff's Complaint.
5 Plaintiff responds contending his Complaint is "predicated on the
6 violation of state created rights" and "on the use of altered and
7 falsified statements to deny [Plaintiff] his right to a jury
8 trial to expose racist[] acts and policies of [the Sacramento
9 City Unified School District ("SCUSD")] employees."  (Pl.'s Reply
10 to Defs.' Mot. to Dismiss at 2.)
11     Plaintiff's Fourth Claim alleges "The Defendants who
12 lied in a court proceeding to deny plaintiff his right to a jury
13 trial and/or to wrongfully obtain a judgment against him based
14 upon their false version of the facts violated plaintiff's right
15 to petition as guaranteed by the First Amendment."  (Pl.'s
16 Complaint at 8.)  Plaintiff's Sixth and Seventh Claims allege
17 Defendants who are members of the SCUSD Board of Trustees paid
18 legal fees to Defendant Michael Pott, "to aid a conspiracy of
19 SCUSD employees-defendants Young, Kolb, and Richardson and their
20 attorney, defendant Pott, who each lied to a federal trial court
21 to deny plaintiff his right to petition . . . and therefore those
22 defendants who lied to the federal court and the Board members
23 who aided that conspiracy by providing state funds to pay legal
24 fees violated 42 U.S.C. § 1985(3)."  (Pl.'s Complaint at 9-10.)
25     Plaintiff's Fourth, Sixth, and Seventh claims challenge
26 the final judgment in <u>Spittal v. Sacramento City Unified School</u>

1  District, et al. ("Spittal I"), CIV. S-00-1287, in which
2  Plaintiff sued the SCUSD and certain SCUSD employees.  Under
3  Federal Rule of Civil Procedure 60(b), the time for challenging
4  the judgment in Spittal I has passed.  Rule 60(b) prescribes: "On
5  motion and upon such terms as are just, the court may relieve a
6  party or a party's legal representative from a final judgment,
7  order, or proceeding for . . . fraud . . . , misrepresentation,
8  or other misconduct of an adverse party. . . .  The motion shall
9  be made . . . not more than one year after the judgment, order,
10 or proceeding was entered or taken."  Since the judgment in
11 Spittal I was entered in September 2002, and the instant action
12 was filed in June 2004, more than one year later, Plaintiff's
13 Fourth, Sixth, and Seventh Claims are late challenges to the
14 Spittal I judgment which were required to have been timely
15 brought in Spittal I.  These claims are therefore dismissed
16 without leave to amend.[1]

17        Further, Plaintiff asserts in a conclusory manner that
18 his remaining claims are "predicated on the violation of state

---

[1] Additionally, although Plaintiff alleges the Board member Defendants and Defendants who allegedly lied in a court proceeding are liable as part of a conspiracy under 42 U.S.C. § 1985, to establish a § 1985 conspiracy "plaintiff must show 'invidiously discriminatory motivation . . . behind the conspirators' action.'" Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). "A claim under [§ 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff has not adequately alleged a § 1985 conspiracy against any of the Defendants.

3

created rights."  (Pl.'s Reply to Defs.' Mot. to Dismiss at 2.) "The principle is firmly established that '[p]rotected liberty interests may arise from two sources--the Due Process Clause itself and the laws of the States.'" Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993) (quoting Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)).  "[A] state creates a liberty interest by both (1) establishing substantive predicates to govern official decisionmaking, and (2) using explicitly mandatory language, i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." Smith, 994 F.2d at 1405 (internal quotations omitted).  Plaintiff has not set forth sufficient factual allegations showing that his remaining claims are predicated on state created rights as required to show the existence of actionable federal claims.  Therefore, Plaintiff's remaining claims (the First, Second, Third, and Fifth Claims) are dismissed with leave to amend.[2]  Plaintiff may amend his First,

---

[2] Plaintiff's Second, Third, and Fifth Claims against the Board member Defendants are also dismissed because Plaintiff alleges that these Defendants are exposed to liability for these claims under a theory of respondeat superior. However, these Defendants are not liable under 42 U.S.C. § 1983 for the actions of SCUSD employees under the liability theory of respondeat superior. Such liability under § 1983 must be predicated upon allegations that a Board member Defendant participated in or directed the unconstitutional actions of SCUSD employees. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 680 (1984). See Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ).

4

Second, Third, and Fifth claims within thirty days from the date on which this Order is filed.

IT IS HEREBY ORDERED that:

1. Plaintiff's motions filed after the filing of the Magistrate Judge's findings and recommendations are denied;

2. Plaintiff's Fourth, Sixth, and Seventh Claims are dismissed without leave to amend; and

3. Plaintiff's First, Second, Third, and Fifth Claims are dismissed with leave to amend, provided that Plaintiff files an Amended Complaint within thirty days from the date on which this Order is filed.

Dated: June 14, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

5