IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SPITTAL,                          No.  CIV.S-04-1198 GEB DAD PS

      Plaintiff,

  v.                                     FINDINGS AND RECOMMENDATIONS

JAY SCHENIRER, et al.,

      Defendants.
_____/

      This matter is before the court on (1) the motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. no. 29) filed on behalf of defendants Jay Schenirer; Roy Grimes; Karen Young; Manny Hernandez; Rick Jennings; Dawn McCoy; and Pat Fong Kushida;[1] and (2) plaintiff's

---

[1] Out of an abundance of caution, Patricia Kolb, through the same counsel as the other defendants, also has moved to dismiss since her name remains listed in the amended complaint's caption. However, the claims against Ms. Kolb already have been dismissed without leave to amend. (See Order filed June 14, 2005 (dismissing Fourth, Sixth and Seventh Claims without leave to amend).) Therefore, Ms. Kolb is no longer a defendant in this action.

1

motion re contempt (Doc. no. 36).  Having considered all written materials submitted in connection with the motions, for the reasons explained below, the undersigned will recommend that defendants' motion to dismiss be granted and plaintiff's motion be denied.  The undersigned will further recommend that plaintiff's amended complaint be dismissed with prejudice and this action be closed.

**I.   Motion to Dismiss**

    **A.   Applicable Legal Standards**

A complaint, or portion thereof, should only be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992);

Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

**B.  Analysis**

As previously observed by the undersigned in one of plaintiff's other lawsuits,[2] this is one of eight actions plaintiff has initiated in this court over the last five years.  (See No. CIV.S-00-1287 WBS PAN PS; No. CIV.S-00-1766 LKK GGH PS; No. CIV.S-01-00036 GEB JFM PS; No. CIV.S-04-1198 GEB DAD PS; No. CIV.S-05-0112 MCE DAD PS; No. CIV.S-05-0749 FCD DAD PS; No. CIV.S-05-1157 MCE KJM PS; No. CIV.S-05-2042 FCD GGH PS.[3])  All of the actions arise out of plaintiff's employment as a substitute teacher with the Sacramento City Unified School District ("District").  All of the actions involve allegations that the District and its employees have retaliated against plaintiff for speaking out against District policies regarding classroom management, particularly those policies which plaintiff perceives as being motivated by race, socio-economic factors, or circumstances related to students' behavior.  Some of the actions additionally name as defendants the lawyers who have defended the District and its employees against plaintiff's numerous legal actions as well as the judges who have been assigned to preside over those actions.  In this regard, plaintiff typically accuses defense

---

[2] See Spittal v. Shubb, No. CIV.S-05-0749 FCD DAD PS, Findings and Recommendations filed November 2, 2005.

[3] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  The undersigned hereby takes judicial notice of these court files.

3

counsel and the judges of lying, contempt, conspiracy and the like in connection with the litigation of plaintiff's claims.[4]

The named defendants in the instant amended complaint are District Board of Trustees members Jay Schenirer; Roy Grimes; Karen Young; Manny Hernandez; Rick Jennings; Dawn McCoy; and Pat Fong Kushida. In sum, the amended complaint alleges that the Board of Trustees has permitted the inadequate supply of educational materials and the improper placement of disruptive students along racial lines in District classrooms. The amended complaint further alleges that the Board of Trustees has allowed other District employees to retaliate against plaintiff for speaking out against these perceived inequities; failed to establish a meaningful hearing process to enforce its alleged non-retaliation policy; and refused to honor a

---

[4] Such accusations appear to be routine for plaintiff, a former lawyer whom the Supreme Court of Ohio has permanently disbarred from the practice of law in that state. In 1990, the Supreme Court of Ohio found "the flagrant disrespect that [Mr. Spittal] has demonstrated toward the entire judicial system deserving of the legal profession's most severe sanction." Akron Bar Ass'n v. Spittal, 51 Ohio St. 3d 121, 122, 554 N.E. 2d 1338, 1339 (1990). In disbarring plaintiff, the Supreme Court of Ohio relied on evidence presented to a disciplinary panel which

> established that [Mr. Spittal] routinely, and without justification, referred to the decisions made by federal and Ohio judges as being the product of dishonesty, partiality, ignorance, and incompetence. The evidence further established that [Mr. Spittal] routinely, and without justification, accused judges and attorneys alike of lying. Indeed, the record manifests that [Mr. Spittal] made these remarks simply because he disagreed with a judge's decision or an attorney's argument.

51 Ohio St. 3d at 122, 554 N.E. 2d at 1339.

4

teacher's "right" to suspend students as necessary.  In this regard the amended complaint contains several general references to the First and Fourteenth Amendments.  Liberally construed, the amended complaint alleges violations of plaintiff's First Amendment right to free speech and his substantive due process rights.[5]  The amended complaint prays for declaratory and injunctive relief and unspecified compensatory and punitive damages.

As an initial matter, it must be noted that plaintiff's amended complaint is unfocussed, full of conclusory allegations and somewhat difficult to decipher.  It does not contain "a short and plain statement" of a claim showing that plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).  This alone warrants dismissal. See Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Nonetheless, even considering the merits of plaintiff's claims, the undersigned concludes that this entire action should be dismissed with prejudice as to all named defendants for failure to state a claim.

/////

---

[5] By previous order of the assigned district judge the First, Second, Third and Fifth Claims of plaintiff's initial complaint were dismissed with leave to amend while the rest of the claims were dismissed with prejudice.  See Order filed June 14, 2005.  The claims on which leave to amend was granted are now set forth as the First, Second, Third and Fourth Claims in the amended complaint.  Moreover, plaintiff has substantively changed the nature of his claims.  For example, the present Second and Third Claims now refer to the First and Fourteenth Amendments whereas earlier versions of the claims sought relief only under the Fourteenth Amendment.  The amended complaint also is a hodge-podge of typed passages copied and pasted from the initial complaint along with handwritten passages and interlineations by plaintiff.  Nonetheless, the court has done its best to construe the amended complaint.

5

1  More specifically, the undersigned will recommend the
2 motion to dismiss be granted because the moving defendants are
3 entitled to qualified immunity.  Whether a defendant is entitled to
4 qualified immunity involves a two-step inquiry.  Saucier v. Katz, 533
5 U.S. 194, 200 (2001).  The first step is to ask whether the alleged
6 facts, taken in the light most favorable to the party asserting the
7 injury, show the officer's conduct violated a constitutional right.
8 Saucier, 533 U.S. at 201.  If this question is answered in the
9 negative, then "there is no necessity for further inquiries
10 concerning qualified immunity."  Id.  If the question is answered in
11 the affirmative, the next step is "to ask whether the right was
12 clearly established."  Id.  A constitutional right is clearly
13 established when "it would be clear to a reasonable officer that his
14 conduct was unlawful in the situation he confronted."  Id. at 202.
15 See also Billington v. Smith, 292 F.3d 1177, 1183-84 (9th Cir. 2002).

16  With respect to plaintiff's attempt to state claims based
17 upon the First Amendment, the alleged facts do not demonstrate that
18 defendants' conduct violated plaintiff's right to free speech.  This
19 is because the allegations of the amended complaint indicate that
20 plaintiff's speech as a public employee regarding the placement and
21 management of students and resources within the District does not
22 amount to speech upon "a matter of public concern."  See Connick v.
23 Myers, 461 U.S. 138, 143-46 (1983); Pickering v. Board of Education,
24 391 U.S. 563, 568 (1968); Ceballos v. Garcetti, 361 F.3d 1168, 1173
25 (9th Cir. 2004).  Rather, the alleged speech encompassed by the
26 instant amended complaint is simply part of a larger, ongoing

6

internal dispute between plaintiff and the District and its employees regarding classroom management within the District. That dispute amounts to an individual personnel dispute that clearly is "of no relevance to the public's evaluation of the performance of" the District. See Ceballos, 361 F.3d at 1173. See also Coszalter v. City of Salem, 320 F.3d 968, 973-74 (9th Cir. 2003) ("[S]peech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern'"). Accordingly, accepting the allegations of the complaint as true, plaintiff's speech did not regard a matter of public concern and defendants did not violate plaintiff's First Amendment rights.

Even assuming plaintiff has spoken upon a matter of public concern, as opposed to a matter only of personal interest, the court further finds that the District's interest as an employer in promoting efficiency of the public services it performs through its employees outweighs plaintiff's interest in that speech. See Pickering, 391 U.S. at 568; Gillbrook v. City of Westminster, 177 F.3d 839, 867 (9th Cir. 1999). In weighing whether the government's interest in promoting an effective workplace outweighs an employee's First Amendment rights, courts may consider "whether the speech (i) impairs discipline or control by superiors, (ii) disrupts co-worker relations, (iii) erodes a close working relationship premised on personal loyalty and confidentiality, (iv) interferes with the speaker's performance of her or his duties, or (v) obstructs the routine operation of the office." Hyland v. Wonder, 972 F.2d 1129,

1139 (9th Cir. 1992)(citations omitted).  Here, the District's interest in maintaining discipline and control in its schools, promoting co-worker relations and fostering an educational environment outweighs plaintiff's interest in speaking out against what plaintiff may perceive as the disparate treatment of certain students.  See <u>Goss v. Lopez</u>, 419 U.S. 565, 589-90 (1975)(Powell, J., dissenting); <u>Tinker v. Des Moines Independent Community School District</u>, 393 U.S. 503, 507 (1969)("[T]he Court has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools.").  For this reason as well, the undersigned finds that plaintiff's speech as alleged in the complaint is not protected by the First Amendment.

Accordingly, defendants are entitled to qualified immunity on plaintiff's First Amendment claims.  The undersigned therefore will recommend that defendants' motion to dismiss be granted.

Plaintiff's substantive due process claims also must be dismissed.  As set forth above, the allegations of the amended complaint, like the allegations in plaintiff's other actions, boil down to the assertion that plaintiff is being retaliated against for speaking out against perceived inequities within District schools.  As such, plaintiff's claims must be addressed under the First Amendment, not substantive due process.  This is because "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government

behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).  As just discussed, the moving defendants are entitled to qualified immunity on plaintiff's First Amendment claims.  Therefore, defendants' motion to dismiss must be granted with respect to plaintiff's substantive due process claims as well.

Finally, with respect to the Second, Third and Fourth Claims in the amended complaint, it remains clear that plaintiff is attempting to hold defendants liable for the actions of others under a respondeat superior theory of liability.[6]  However, defendants are not liable for the actions of District employees under such a theory. More specifically, supervisory personnel generally are not liable under 42 U.S.C. § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citing Ybarra v. Reno Thunderbird

---

[6] This is possibly the case with respect to plaintiff's First Claim as well.

9

1  Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984)).  Vague
2  and conclusory allegations such as those set forth in the amended
3  complaint concerning the involvement of official personnel in civil
4  rights violations are not sufficient.  See Ivey v. Board of Regents,
5  673 F.2d 266, 268 (9th Cir. 1982).  The assigned district judge noted
6  this deficiency in the order dismissing plaintiff's complaint with
7  leave to amend.  Plaintiff's attempt to cure that deficiency simply
8  by removing the phrase "respondeat superior" from his amended
9  complaint does not suffice to correct the deficiency.  For this
10 reason as well, the motion to dismiss must be granted.

11         For all of the reasons set forth above, plaintiff's amended
12 complaint is fatally deficient.  Moreover, the arguments presented by
13 plaintiff in the motions pending before the court in this and his
14 other cases are frivolous.  Finally, whatever his intentions, through
15 the numerous lawsuits filed in this court involving either
16 essentially the same subject or plaintiff's displeasure with the
17 results obtained in prior litigation with respect thereto, plaintiff
18 has engaged in conduct that has harassed the named defendants.  For
19 all these reasons, it appears clear that plaintiff cannot cure the
20 defects in his amended complaint.  Granting leave to amend under
21 these circumstances would be futile.  See Reddy v. Litton Indus.,
22 Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J.
23 Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); see also Lopez v.
24 Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be
25 classified as frivolous or malicious, there is, by definition, no
26 merit to the underlying action and so no reason to grant leave to

amend.")  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

### II. Plaintiff's Motion Re Contempt

Plaintiff's perfunctory and unsupported motion re contempt seeks an order holding defense counsel Michael Pott and Justin Telford in contempt for presenting "sham" arguments to the court. The level of plaintiff's argument is exemplified by his comments such as the following: "Come on boys -- do you really think the members of the [court] are that stupid/corrupt." (Doc. no. 36 at 2.)

The baseless and harassing content of plaintiff's motion re contempt speaks for itself.[7]  The undersigned therefore will recommend that the motion be denied.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. no. 29) be granted;

2. Plaintiff's motion re contempt (Doc. no. 36) be denied; and

3. Plaintiff's amended complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file

---

[7] See fn. 3, infra.

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

DATED: November 7, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\spittal1198.f&r.dism

12